# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**  Tel: 718-740-1000
Email: abdul@abdulhassan.com  Fax: 718-740-2000
*Employment and Labor Lawyer*  Web: www.abdulhassan.com

**July 7, 2023**

**Via ECF**

Hon. Brian M. Cogan, USDJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201
Tel: 718-613-2230
Fax: 718-613-2236

          **Re: Lopez v. Rockaway Adult Social Center LLC**
             Case #: 23-CV-00642 (BMC)
             Motion for Settlement Approval

Dear Judge Cogan:

      My firm represents plaintiff Maria Lopez ("Plaintiff"), in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.,* 24 F.4$^{th}$ 804 (2d Cir. 2022). Exhibit 1 is a copy of the fully executed settlement agreement. Exhibit 2 is a copy of the retainer agreement between Plaintiff and her counsel – the basis for the 1/3 contingency fee. Exhibit 3 are copies of the expense receipts. Plaintiff and Defendant both join in urging the Court to approve the settlement as fair and reasonable - Plaintiff writes in support of the motion.

      The claims are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages, and related relief under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of the NYLL.

      In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after discussions, and exchange of information at the mediation conducted by a mediator through this Court's mediation program.

Based on the allegations in the complaint, we have unpaid wages of about $64,435, under the NYLL six-year statute of limitations period – including about $19,988 in unpaid overtime wages under the FLSA's two-year period for non-willful violations. Assuming Plaintiff prevails on her wage notice and wage statement claims she could be entitled to another $10,000 maximum ($5,000 each). The jurisprudence as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims – Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

Defendant may also be able to avoid the imposition of liquidated damages, if it proves a good-faith affirmative defense. It is Defendant's position Plaintiff is owed at most $900 in unpaid overtime wages based on the time records – the parties were in dispute as to whether certain beyond schedule hours Plaintiff worked were compensable. Given the risk for both sides, the parties agreed to settle as reflected in the settlement agreement.

The total settlement amount between Plaintiff and Defendant is $22,500 recommended by the mediator. Under the settlement, Plaintiff is due to receive $14,482 after costs ($777), and a 1/3 contingency fee of $7,241. (See Ex. 1 ¶ 2(a-c)).

Under the settlement, Plaintiff's counsel is due to receive a 1/3 contingency fee of $7,241, plus $777 in filing ($402), mediation ($300), and service ($75), costs[1]. See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owes his counsel are governed by the retainer agreement and not by statutory fee-shifting provisions). See i.e. *Caceres v. Brentwood Farmers Market, Inc. et al,* Case No. 20-cv-03476, ECF No. 15, (Judge Tomlinson - EDNY May 4, 2021)("A Court is bound to observe the provisions of a retainer agreement as well as a settlement agreement. A "'settlement agreement is a contract that is interpreted according to general principles of contract law.'" Fisher v. SD Protection Inc., 948 F. 3d 593, 605-06 (2d Cir. 2020)")

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

See i.e. *Miller v. United Parcel Service, Inc.,* EDNY Case No. 20-CV-05244, ECF No. 15 (Magistrate Judge Wicks, February 24, 2023)(" After deducting costs, Plaintiff's counsel requests $14,685 of the $45,000 amount. In support of this award, Plaintiff's counsel submits the retainer agreement. (DE 12-2.) The award and fees here requested are "consistent with the fee arrangement set forth in the retainer agreement." *Caceres*, 2021 WL 3276637, at 2. Further, $400 for filings, $300 in mediation costs, and $244 represent "common expenses for wage-and-hour cases in this district.""). See also analysis in *Paiz Pantaleon v. Tom Cat Bakery, Inc. et al*, Case No. 20-CV-04595, ECF No. 16. See i.e. *Smith v. BRP Development Corporation et al*, Case No. 19-CV-11794, ECF No. 41 (Magistrate-Judge Moses - April 6, 2021) (following *Venegas* and *Fisher*, and approving fees under *Cheeks* based on "The retainer agreement between plaintiff and his counsel"). *Rivera v. NYC Motorcars Corporation et al*, Case No. 20-cv-02701 (Judge Furman - January 28, 2021)(Plaintiff's counsel herein sought a 1/3 retainer fee based on *Fisher* and *Venegas*. Judge Furman approved the fee "particularly because there were no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and her attorney."). *Hernandez v. Sweet Cake Box, Inc.,* Case No. 20-cv-00439 (Judge Cogan – July 7, 2020)(Plaintiff's counsel herein sought a 1/3 retainer fee based on *Fisher* and *Venegas*. Judge Cogan approved the fee and noted that "the attorneys fee of [] represents one-third of the total recovery, which is a standard fee in this District.").

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Cinto et al v. Nuccios Bakery, Inc et al*, Case No. 19-cv-07229 (July 3, 2021 - Judge Cogan)(approving a 1/3 percentage fee of about $21,733 under Cheeks and stating that "I also find that attorney's fees in the amount of one-third of the settlement is reasonable here"); *Hernandez v. Sweet Cake Box, Inc.,* Case No. 20-cv-00439 (Judge Cogan – July 7, 2020)(Plaintiff's counsel herein sought a 1/3 retainer fee based on *Fisher* and *Venegas*. Judge Cogan approved the fee and noted that "the attorneys fee of [] represents one-third of the total recovery, which is a standard fee in this District."); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks* and stating that "The Court has reviewed the settlement and the attorneys' fees to be paid to plaintiff's counsel and finds that it is fair and reasonable.").

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff will receive a lot less or nothing. Second, Defendant disputes the hours worked by Plaintiff. Third, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____

By: Abdul K. Hassan, Esq.

**cc:     Defense Counsel via ECF**